## TRUSTEE'S BOND INVALIDATED BY FAILURE OF THE COURT'S JURISDICTION.

[Circuit Court of Hamilton County.]

JONES ET AL V. WRIGHT, TRUSTEE.

Decided, February 1, 1903.

*Trustee's Bonds—Actions to Enforce—Different Jurisdictions—Failure of Jurisdiction—Misjoinder.*

1. Causes of action against several defendants are improperly joined where the action is upon bonds which were not signed by the same parties, or given in the same court, or in courts of the same jurisdiction, or answering to the same parties, or containing the same conditions.

2. A bond given in a case in which the court has no jurisdiction is an absolute nullity, and the fact that the court found it had jurisdiction fails to give it any effect, and the want of jurisdiction may be shown in any action founded upon such bond.

SWING, P.-J.; GIFFEN, J., and JELKE, J., concur.

This was an action brought in the Court of Common Pleas of Hamilton County by Rogers Wright, trustee, against Samuel N. Maxwell, J. T. Jones and Samuel N. Maxwell and John M. Maxwell, executors of the last will of George M. Maxwell, deceased. The petition sets out two causes of action.

The first cause of action is founded on a bond dated October 22, 1870, which was signed by Samuel N. Maxwell, George M. Maxwell and J. T. Jones, and was in the sum of $3,500. It is alleged that this bond was given in the Probate Court of Hamilton County, pursuant to an order of said court, to secure the faithful performance by said Samuel N. Maxwell, as trustee under the wills of Sarah Clyde and Jacob Fortue, appointed as such by said court

on October 15, 1870. It is alleged that on the 18th day of April, the probate court of said county, by its order, judgment and decree, found there was due from said Samuel N. Maxwell, as trustee aforesaid, the sum of $1,902.41, with interest from July 1, 1898, and the further sum of $951.20, with interest from July 1, 1896, and judgment is asked against said Samuel N. Maxwell, J. T. Jones and said Samuel N. Maxwell and John M. Maxwell, executors of George M. Maxwell.

.For a second cause of action plaintiff alleges that in a certain proceeding in said Hamilton County Court of Common Pleas said Samuel N. Maxwell and George M. Maxwell executed a bond on the 17th day of March, 1875. This bond was in the sum of $6,000. The condition of said bond is alleged to be as follows: "Whereas, the said S. N. Maxwell has been appointed trustee for the heirs and devisees of Sarah Clyde and Jacob Fortue, now if the said trustee shall perform his duties as such according to law and the order of this court, then the above obligation to be void." It is further alleged that said trustee, by virtue of certain proceedings in said court, collected certain moneys, proceeds of real estate, amounting to $2,956.50, which sum, with interest, said Maxwell was ordered by said court to pay over to the plaintiff, Wright; and judgment is asked by said plaintiff against said Samuel N. Maxwell, individually, and against said Samuel N. Maxwell and John M. Maxwell, as executors of the estate of George M. Maxwell.

To this petition the defendant, J. T. Jones, filed a demurrer, one ground of which was that "separate causes of action against several defendants are improperly joined," which demurrer the court of common pleas overruled.

We think this was error. The bonds were not signed by the same parties, nor were they given in the same court, and the conditions were entirely different in the two bonds. The one given in the probate court was given to the State of Ohio for the faithful performance of said Samuel N. Maxwell of his duties as trustee under the will of Sarah Clyde and Jacob Fortue; whereas, the other was given to the heirs of Sarah Clyde and Jacob Fortue in a case pending in the court of common pleas by virtue of an order of said court made in said action. Each bond was given by order of the court in the exercise of its jurisdiction in matters pending

before it.  The jurisdiction of each court was separate and distinct from the other, and the bonds were not given by the same parties. One was to answer to the faithful performance of a trust under the probate court and the other was to answer for the faithful performance of a trust under the control of the court of common pleas.  Such a state of facts shows that there are separate causes of action, and the parties not being the same, they are improperly joined, and this error is not cured by subsequent proceedings.

A second ground of error relied on by plaintiff in error is that the court erred in sustaining a demurrer to the amended answer of J. T. Jones.  In this answer the said Jones alleged that the bond set forth in plaintiff's first cause of action on which judgment was asked against him was given by virtue of an order of the probate court in an attempt to sell an entailed estate, and for no other purpose; that said real estate was not, in fact, sold in said proceedings before said court; that said court had no jurisdiction of the subject matter; that when it was ascertained that said court had no jurisdiction of the subject matter, proceedings were instituted in the court of common pleas for the purpose of selling said entailed estate, and said estate was sold by order of said court and bond given by order of said court by virtue of Section 5803, R. S., *et seq.,* which bond is the foundation of the second cause of action set out in the petition.

It seems to us that the court erred in sustaining this demurrer. Conceding the facts to be true, which the demurrer does, it shows that the probate court had no jurisdiction of the subject matter. The jurisdiction of the probate court is limited to that conferred on it by the Constitution and statutes of Ohio.  It has no jurisdiction to sell entailed estates—such jurisdiction is conferred on the court of common pleas by the section of R. S., *supra*—and even if the parties had consented, no jurisdiction could be conferred, and any action taken by said court in this regard would be *coram non judice.*  A judgment of any court which has no jurisdiction of the subject matter is absolutely void and of no validity whatever, and the want of such jurisdiction may be shown in any action founded on such judgment; and the fact that a court finds that it has ju-

risdiction makes no difference if the record discloses the fact that it had no such jurisdiction.

The facts set up in the answer of J. T. Jones clearly show that the probate court was wholly without authority to make any order or take jurisdiction to sell the entailed real estate, and had no authority to take the bond given by said Jones, and said bond had no validity by virtue of the order of said court, and the judgment of said court on said bond was equally invalid.

For these reasons the judgment will be reversed and cause remanded.

*Jones & James* and *John R. Holmes,* for plaintiffs in error.
*D. Thew Wright,* contra.

---

## A DISMISSAL FOR LACK OF PROSECUTION IS A "JUDGMENT" REVIEWABLE ON ERROR.